IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| IX ST PORTFOLIO 28, L.P., ) | |
| ) | C.A. No. 8:13-467-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| SHAG DEVELOPMENT CORP., INC., ) | |
| PHILLIP J. KALCHTHALER, JAMES W. ) | |
| ROSE, AND LIBERTY MUTUAL ) | |
| INS. COM., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court upon the ex parte motion of Plaintiff for a Temporary Restraining Order to be issued against the Defendant Liberty Mutual Insurance Company ("Liberty Mutual").

A temporary restraining order is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the status quo until a preliminary injunction hearing can be held. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). It may also be issued with or without notice to the party whose conduct is to be enjoined. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of a temporary restraining order. Specifically, Rule 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required .

Fed.R.Civ.P.65(b)(l).  The standard for granting a request for a temporary restraining order and entering a preliminary injunction are identical.  See, e.g., Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order).  In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  All four requirements must be satisfied.  Real Truth About Obama, Inc., v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).  "When analyzing the irreparable harm element, there are two inquiries: 1) whether the plaintiff is indeed suffering actual and imminent harm; and 2) whether that harm is truly irreparable, or whether it can be remedied at a later time with money damages."  First Quality Tissue SE, LLC v. Metso Paper USA, Inc., C/A No. 8:11-2457-TMC, 2011 WL 6122639, at *2 (D.S.C. Dec. 9, 2011) (unpublished) (citing Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir.1991)).

In the verified complaint, the Plaintiff alleges the following claims:  foreclosure of commercial property, declaratory judgment, and breach of the covenant of good faith and fair dealing against the Defendants.  The Plaintiff is the holder of a Note and the present lienholder of the Mortgage entered into between Shag Development Corporation ("Borrower") and Central Carolina Bank.  The Borrower owns certain commercial property in Pickens County, South Carolina ("Property") that is the subject of the Mortgage.  The Mortgage further provides that:

> Mortgagor [Borrower] hereby assigns to Mortgagee [Plaintiff] the right to collect and receive any indemnity payment otherwise owed to Mortgagor upon any policy of insurance insuring any portion of the Property, regardless of whether Mortgagee is named in such policy as a person entitled to collect upon the same . . . . Mortgagor will keep the Property continuously insured as herein required and will deliver to Mortgagee the original of each policy of insurance required hereby.

The Borrower allegedly "failed to name Plaintiff as the primary insured on the insurance policy acquired in connection with the Property" subject to the Mortgage. (Pl. Mem. Supp. TRO ¶ 12.) In October 2012, the Property sustained fire damage in excess of $500,000.00, and the insurance claim for the damage is being processed by Liberty Mutual. Plaintiff provided the Borrower with a written demand for the insurance proceeds in a letter dated January 29, 2013. Further, the Plaintiff has written demands to Liberty Mutual for the insurance proceeds on January 25, 2013 and February 14, 2012. Liberty Mutual, through its adjuster, Paul Meyer, has refused to deliver payment to the Plaintiff.

The court has reviewed the verified complaint, Plaintiff's motion for a temporary restraining order, and the memorandum and affidavit filed in support thereof. The court is mindful of the procedural status of this case, and more importantly, that it has not yet had an opportunity to hear from the Defendants. However, upon the strength of the representations made by Plaintiff, the court is satisfied that Plaintiff is faced with the substantial risk of suffering irreparable harm by Liberty Mutual's payment of the insurance proceeds to the Borrower if their conduct is not immediately enjoined. According to the verified complaint, the Borrower has been in default on the Note and Mortgage since October 5, 2012, and thus, payment of the insurance proceeds to the Borrower is likely to result in depletion of the asset. (Compl. ¶¶ 18-20.) Further, Plaintiff has established a likelihood of success on the merits of the claims seeking injunctive relief.

Consistent with Rule 65, "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Upon due consideration, the court has determined that the amount of Five Thousand Dollars ($5,000.00) shall be sufficient security, and that this amount shall be posted by Plaintiff forthwith.

It is therefore

**ORDERED** that Liberty Mutual is temporarily enjoined from distributing any insurance proceeds to the Borrower in this matter. It is further

**ORDERED** that the restrictions imposed herein shall remain in full force and effect until Plaintiff's motion can be heard. The court will hold a hearing on the matter of the preliminary injunction on Tuesday, March 5, 2013, at 2:30 p.m. It is further

**ORDERED** that Plaintiff shall give security by executing a bond in the amount of Five Thousand Dollars ($5,000.00) or by depositing cash in said amount with the Clerk of Court for the United States District Court for the District of South Carolina as required by Rule 65(d) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 22, 2013
Entered at 12:05 p.m.